**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETER P. WONG | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:11-cv-3059 |
| | : | |
| JANET NAPOLITANO, Secretary, | : | |
| U.S. Department of Homeland Security | : | |
| Defendant. | : | |
| | : | |

**Goldberg, J.**                                                                 **February 14, 2012**

## MEMORANDUM OPINION

Plaintiff, Peter P. Wong, has brought suit against Defendant, Janet Napolitano, Secretary of the U.S. Department of Homeland Security, alleging race, color, and national origin discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq.  (Compl., Doc. No. 1, ¶¶ 2, 32.)

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted.  (Doc. No. 3.)  Upon consideration of Defendant's motion and supporting brief, Plaintiff's memorandum in opposition, (Doc. No. 4), as well as Defendant's reply, (Doc. No. 7), and for the reasons expressed below, the Court will grant Defendant's motion.

### I.  Background

Based upon the averments in the complaint, the pertinent facts, viewed in the light most favorable to Plaintiff, are as follows:

Beginning in 2002, the Transportation Security Administration of the Department of

Homeland Security ("TSA") employed Plaintiff as a Supervisory Security Transportation Officer at Philadelphia International Airport. (Compl. ¶¶ 5-6.) Plaintiff always received positive performance reviews; however, on July 16, 2008, the TSA terminated Plaintiff's employment for allegedly falsifying time and attendance records.  (Id. ¶ 8-9.)  George Clisby, the Acting Federal Security Director, advised Plaintiff that he could appeal his termination to the TSA's Disciplinary Review Board ("DRB").  (Id. ¶ 11.)  Thereafter, Plaintiff received a termination letter that similarly advised him of his right to appeal to the DRB.  (Id. ¶ 12.)

Plaintiff appealed his termination to the DRB but did not "raise a discrimination claim because the DRB did not permit him to raise any discrimination allegation as a defense to his removal."  (Id. ¶ 15.)  On March 9, 2009, Plaintiff received the DRB's opinion denying his appeal and a letter advising him that he had no further right to appeal.  (Id. ¶ 16.)  In August 2009, Plaintiff spoke to a union official who informed him that he could appeal his termination to the Merit Systems Protection Board ("MSPB").  (Id. ¶ 19.)  On September 1, 2009, Plaintiff filed an appeal with the MSPB, alleging discriminatory termination on the basis of race, color, and national origin.  (Id. ¶¶ 20, 26.)  However, the MSPB dismissed Plaintiff's appeal because, *inter alia*, the MSPB lacks jurisdiction over claims brought by screener personnel.  (Id. ¶¶ 21-22.)

Following the MSPB's decision, which became final on January 12, 2010, the Equal Employment Opportunity Commission ("EEOC") sent Plaintiff a Notice of Right to File.  (Id. ¶ 23.) Thereafter, Plaintiff filed a complaint with the EEOC.  (Id. ¶ 24.)  On August 10, 2010, the EEOC dismissed Plaintiff's claim because he had failed to contact the EEOC within 45 days of his termination.  (Id. ¶ 26.)  The EEOC noted that Plaintiff, on four occasions during his employment with the TSA, had attended an "Introduction to Civil Rights" training course that informed him of

the timeliness requirement.  (Id.)  Plaintiff filed a request that the EEOC reconsider its decision, which was denied on April 5, 2011.  (Id. ¶¶ 27-28.)  On May 9, 2011, Plaintiff commenced the law suit currently before the Court.

## II.  Standard of Review

When ruling on a motion to dismiss, the court must accept the facts pled in the complaint as true and construe them in the light most favorable to the plaintiff.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully."  Id.

## III.  Analysis

Defendant has moved to dismiss Plaintiff's complaint, arguing that his Title VII claim is time-barred due to his failure to contact an EEO counselor within 45 days of his termination.  (Doc. No. 3.)  Plaintiff admits that his contact was not timely, but contends that either equitable tolling or equitable estoppel excuses his lateness.[1]  (Doc. No. 4.)

"[A] plaintiff must exhaust all administrative remedies" under Title VII before a district court may hear his claim.  See Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997).  If a federal employee fails to contact an EEO counselor "within 45 days of the date of the matter alleged to be

---

[1] Plaintiff also asserts that the EEOC's decision in his case was inconsistent with a prior EEOC decision, Grant v. Napolitano, Appeal No. 0120103037 (Feb. 17, 2011), and requests that the Court remand this case to the EEOC for reconsideration consistent with Grant.  (Compl. ¶¶ 29-31, 33.)  However, because our timeliness analysis is not dependent upon the EEOC's decision denying Plaintiff relief, whether that decision is consistent with the EEOC's decision in another case is of no consequence.

discriminatory," he fails to exhaust his administrative remedies. 29 C.F.R. § 1614.105(a)(1).  In this context, the date that a federal employee files an appeal alleging discrimination with the MSPB "shall be deemed to be the date of initial contact" with an EEO counselor. 29 C.F.R. § 1614.302(b).

Here, Plaintiff's first contact with an EEO counselor occurred far beyond the 45-day time limit.  The TSA terminated Plaintiff's employment on July 16, 2008, and thus, Plaintiff was required to contact an EEO counselor by September 2, 2008.[2]  See 29 C.F.R. §§ 1614.105(a)(1), 1614.604(d). However, Plaintiff's first contact with an EEO counselor was on September 1, 2009 when he filed a complaint with the MSPB, nearly one year after the deadline to do so had passed.  (Compl. ¶ 26.) Therefore, we must dismiss Plaintiff's claim for failure to exhaust his administrative remedies unless he can show that equitable tolling or equitable estoppel applies.

The time limit for contacting an EEO counselor is "subject to . . . equitable tolling." 29 C.F.R. § 1614.604(c). Equitable tolling may apply in three circumstances: "(1) where the defendant has actively misled the plaintiff regarding the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).  Plaintiff does not claim that extraordinary circumstances prevented him from timely bringing his discrimination claim or that he "mistakenly" brought his claim in the wrong forum.  Thus, equitable tolling will only apply if Plaintiff has plausibly pled that the TSA "actively misled" him.  The facts alleged in Plaintiff's complaint do not support this position.

Plaintiff primarily focuses on the TSA's failure to notify him of the MSPB review process.

---

[2] The forty-fifth day after Plaintiff's termination was Sunday, August 31, 2008. But when the last day of the time limit falls on a Sunday, the time limit extends to "the next business day," which was Tuesday, September 2, 2008, the day after Labor Day.  29 C.F.R. § 1614.604(d).

However, the MSPB is not an avenue of relief to which Plaintiff had a right to pursue because the MSPB lacks jurisdiction over claims brought by TSA screening personnel.  See 49 U.S.C. § 44935; Conyers v. Merit Sys. Prot. Bd., 388 F.3d 1380, 1383 (Fed. Cir. 2004).  As such, Plaintiff cannot claim that the TSA actively mislead him by failing to inform him of an avenue of relief to which he had no right.  Moreover, Plaintiff does not allege that he lacked knowledge that he was obligated to contact an EEO counselor within 45 days of his termination.  Notably, his complaint references and does not refute the EEOC's finding that he learned of the 45-day time limit through training courses he attended while employed by the TSA.  (Compl. ¶ 26.)

The time limit for contacting an EEO counselor is also "subject to . . . estoppel." 29 C.F.R. § 1614.604(c).  However, equitable estoppel will not lie against the Government to the same extent as it lies against private litigants.  Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 419 (1990).  Indeed, the Supreme Court has reversed every decision where a court found estoppel against the Government, but has noted that  "'affirmative misconduct' might give rise to estoppel against the Government." Id. at 421-22.  However, a "mere omission or negligent failure" does not satisfy this requirement.  See United States v. Pepperman, 976 F.2d 123, 131 (3d Cir. 1992).

For the reasons discussed above, Plaintiff has failed to allege that the TSA engaged in affirmative misconduct.  The TSA advised Plaintiff of his right to appeal his termination to the DRB. (Compl. ¶ 12.)  Its failure to advise Plaintiff of the MSPB does not demonstrate misconduct because the MSPB lacks jurisdiction over claims brought by screener personnel such as Plaintiff.  See Conyers, 388 F.3d at 1383.  Accordingly, the TSA's failure to inform Plaintiff of the MSPB does not give rise to equitable estoppel.  See Pepperman, 976 F.2d at 131.

5

**IV. Conclusion**

For the reasons set forth above, Defendant Janet Napolitano's motion to dismiss will be granted, and Plaintiff Peter Wong's complaint will be dismissed for failure to state a claim upon which relief can be granted.

Our Order follows.